# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maycol Josue Pineda Madrid,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No.  CV-26-01824-PHX-MTL (JFM)<br><br>**ORDER** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention but did not pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis.  The Court will deny the Petition.

Petitioner alleges that he has been detained in ICE custody since September 12, 2025.  He states his request for a meaningful bond hearing was denied.  Petitioner argues that his prolonged immigration detention without a bond hearing violates his Fifth Amendment due process rights.  He seeks release from custody, or in the alternative, a bond redetermination hearing.

Based on Petitioner's allegations, the Court finds Petitioner received a bond hearing and bond was denied.  An Immigration Judge's discretionary bond determination is typically not reviewable in federal court.  See 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

The Supreme Court has also determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Petitioner is not entitled to an additional bond hearing under constitutional authority. The Court will dismiss the Petition without prejudice.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 19th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 2 -